**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CARLOS GONZALEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-726-J** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, Carlos Gonzalez, a non-citizen appearing *pro se*, filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Doc. 1).[1]  United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).

In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a response to the Petition advising that an Immigration Judge granted Petitioner's application for voluntary departure.  (Doc. 8).  The undersigned entered an order requiring Respondents to submit supplemental briefing regarding issues related to the voluntary departure order.  (Doc. 9).  Respondents filed a supplemental brief, (Doc. 10), and additional notices apprising the Court of Petitioner's status, (Docs. 11, 12, 13).  The last

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

such notice advised that Petitioner was removed from the United States. (Doc. 13). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I.     Background

Petitioner asserts he was detained by ICE after a traffic stop on March 4, 2026. (Doc. 1, at 7). Petitioner complained that his detention by ICE violated his due process rights and amounted to a violation of the Immigration and Nationality Act and related regulations. (*Id.* at 7). He asked that the court order his immediate release with an order of supervision. (*Id.* at 8). When he filed the Petition on April 6, 2026, Petitioner was detained at Cimarron Correctional Facility in Cushing, Oklahoma. (*Id.* at 1).

On April 14, 2026, an Immigration Judge granted Petitioner's application for voluntary departure. (Doc. 8, at Ex. 1). However, Respondents advised that such order was not a final order of removal. (Doc. 10, at 2). On June 25, 2026, Respondents filed a notice that Petitioner was removed from the United States on June 21, 2026. (Doc. 13, at 1; *id.* at Ex. 1).

## II.    Analysis

The Court had jurisdiction over this matter when it was initially filed. *See Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *1-2 (W.D. Okla. Mar. 30, 2026) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Further, the Petition was properly filed in this

district due to Petitioner's detention here.  *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).   "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).  But here, "the more substantial question . . . is whether petitioner's subsequent [release from ICE custody] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)).  So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner is no longer in ICE custody.  "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Phakousonh*, ECF No. 17, at *3.  Thus, this action should be dismissed as moot.  *See, e.g., Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

### III. Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody.

**The court advises the parties of their right to object to this Report and Recommendation by July 10, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 26th day of June, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

4